UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RODNEY SEBASTIAN DBA TEX CON SERVICES, § § §<br>Plaintiff, §<br>§<br>V. §<br>§<br>MARKEL SERVICE INCORPORATED, §<br>EVANSTON INSURANCE COMPANY and §<br>USCAP INSURANCE GROUP, LLC, §<br>§<br>Defendants. § | CIVIL ACTION NO. _____ |

## DEFENDANT MARKEL SERVICE, INCORPORATED'S AND EVANSTON INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Markel Service, Incorporated ("Markel Service") and Evanston Insurance Company ("Evanston"), in Cause No. 84894, pending in the 354th Judicial District Court of Hunt County, Texas, file this Notice of Removal from that court to the United States District Court for the Northern District of Texas, Dallas Division, on the basis of diversity of citizenship and amount in controversy and respectfully show:

## GROUNDS FOR REMOVAL DUE TO IMPROPER JOINDER

1. This matter is proper for removal because:

    a. "[L]egal conclusions couched as factual allegations" do not provide a reasonable possibility of recovery. *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 2009 WL 1437837, at *3–4 (N.D. Tex. May 22, 2009), meaning "Plaintiff has not alleged any *facts* that would lead one reasonably to conclude that Plaintiffs can recover against

[USCAP]." *Laudone v. Allstate Texas Lloyd's*, 2012 WL 12946761 (S.D. Tex. September 20, 2012); and

    b. Plaintiff's claim for failure to procure coverage cannot be ripe until such time as Plaintiff has sustained actual damages, such as defense costs, settlement payments or a judgment in connection with the underlying claim forming the basis of this coverage action.

## REMOVAL JURISDICTION

2. Both at the time the lawsuit was filed, and at the time of removal, Plaintiff Rodney Sebastian dba Tex Con Services ("Tex Con") was and remains an individual having his domicile in the State of Texas. Plaintiff Tex Con is a citizen of Texas.

3. Both at the time the lawsuit was filed, and at the time of removal, Defendant Markel Service was and remains a corporation organized and existing under the laws of the Commonwealth of Virginia and having its principal place of business in Glen Allen, Virginia. Defendant Markel Service is a citizen of Virginia.

4. Both at the time the lawsuit was filed, and at the time of removal, Defendant Evanston was and remains an insurer organized and existing under the laws of the State of Illinois and having its principal place of business in Illinois. Defendant Evanston is a citizen of Illinois.

5. Tex Con served Markel Service with Plaintiffs' Original Petition and process on July 19, 2017, by serving it registered agent for service of process. *See* Exhibit C.

6. Tex Con served Evanston with Plaintiff's Original Petition and process on July 5, 2017 by serving the Texas Secretary of State. Evanston did not receive a copy of the pleading until July 19, 2017. *See* Exhibit D.

7. Both at the time the lawsuit was filed, and at the time of removal, Defendant USCAP Insurance Group, LLC[1] was and is a limited liability company organized and existing under the laws of the State of Texas whose members are domiciled in Texas and having its principal place of business in Texas. *See* Exhibit B. USCAP is a citizen of Texas.

8. The amount in controversy exceeds $75,000. *See* Exhibit B at ¶ 3.2. Tex Con asserts claims against all defendants for breach and anticipatory breach of contract, violations of the Insurance Code, breach of the duty of good faith and fair dealing, fraud, and conspiracy in connection with Evanston's denial of coverage in a claim asserted against Tex Con.[2] Tex Con also asserted a claim for negligence against USCAP for failure to procure appropriate insurance. By virtue of diversity of citizenship and amount in controversy, the United States District Courts have original jurisdiction over this case.

9. A copy of this notice is also concurrently being filed with the state court and served upon opposing counsel.

10. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this district.

11. USCAP is an improperly joined party, and, therefore, should not be considered for purposes of diversity of citizenship and its consent is not necessary for this removal.

## BACKGROUND/UNDERLYING PETITION

12. Tex Con, a demolition contractor, asserts that it purchased a policy from USCAP in June 2016, its agent for many years, which was familiar with its business. *See* Exhibit B at ¶ 4.2. According to Tex Con, the general liability policy at issue was provided by Evanston and serviced by Markel Service. *See* Exhibit B at ¶ 4.2.

---

[1] It appears that the proper party may be AmeriCap Insurance Associates, LLP based upon a search of the Texas Secretary of State corporate records (and also referenced in Tex Con's petition).

[2] To the best of Markel Service's knowledge, Tex Con has not been sued by any claimant for the alleged damages.

13. On December 12, 2016, Tex Con purportedly was performing demolition work at the Ingram Park Mall in San Antonio, Texas. A retail business named The Dress Shop occupied the space next to where Tex Con was performing its work, and allegedly asserted a claim against Tex Con that the dust from Tex Con's demolition had caused damage to its floor and its inventory, in addition to causing some employee health issues. *See* Exhibit B at ¶ 4.3.

14. Tex Con alleges that it notified Evanston of the claim, but that Markel Service, its service manager, denied coverage for the claim. *See* Exhibit B at ¶ 4.4.

15. Tex Con asserts that all defendants' conduct constitutes a breach of the Evanston policy, and that all defendants will continue in their breaches of the policy. Tex Con alleges that it has suffered actual and consequential damages, as well as attorney's fees for "such violations of the Texas Insurance Code." *See* Exhibit B at p. 4.

16. Tex Con also claims that all defendants' conduct constitutes multiple violations of chapter 541 of the Texas Insurance Code, and that all defendants have breached the duty of good faith and fair dealing. *See* Exhibit B at p. 5.

17. With respect to the Insurance Code violations, Tex Con simply regurgitates the terms of certain of the enumerated Unfair Settlement Practices in section 541.060, without providing any factual allegations to support those alleged violations. Tex Con goes on to state that all defendants "may have engaged in one or more settlement practices" enumerated in section 541.151, again with no factual allegations to support the claims. Finally, consistent with the prior alleged violations, Tex Con claims that all defendants engaged in one or more of the enumerated practices included within section 541.061 of the Texas Insurance Code without providing any factual basis for the claims. *See* Exhibit at p. 5-7.

18. Tex Con then asserts claims against all defendants for fraud and an ongoing conspiracy to commit illegal acts, again making no factual allegations, but enumerating the elements of the causes of action. *See* Exhibit at p. 8.

19. The last claim made is for negligence against USCAP only, with Tex Con pleading that "Americap was negligent by failing to procure an appropriate policy." *See* Exhibit at p. 9.

## ARGUMENTS AND AUTHORITIES

A. **No Facts Pleaded That One Could Reasonably Conclude That Tex Con Can Recover Against USCAP**

20. "To establish that a non-diverse defendant has been improperly joined, the removing party must prove either (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant." *Id.*, citing *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003). Here, only the second prong is at issue. Under this prong, "[t]he court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability" on the non-diverse defendant. *Ross*, 344 F.3d at 462. Reasonable basis for liability requires that there be a reasonable possibility of recovery, not merely a theoretical one. *Id.* The Fifth Circuit has explained:

> [T]he standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6) because the court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim.

*Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (citing *Ross*, 344 F.3d at 462–63).

21. Under analogous facts in *Laudone*, Judge Werlein found an improper joinder of an agent in a coverage action. *See Laudone*, 2012 WL 12946761 at *2. In *Laudone*, the plaintiffs

pleaded a negligent misrepresentation claim indicating that the agent: (1) failed to use reasonable care to obtain the insurance requested and failed to use reasonable care to notify the plaintiffs that the requested insurance was not obtained; (2) induced the plaintiffs to rely on the agent's promise or undertaking to produce the requested coverage, and the plaintiffs relied to their detriment on the agent's representations that the correct coverage had been secured; and (3) caused them to believe that they had the correct coverage in place, but that they learned after the loss that the agent had failed to obtain the proper coverage. *See id.* at \*2. The plaintiffs also pleaded that the agent breached his duty and acted outside a reasonable standard of care by obtaining coverage that did not meet their requirements for insurance and in failing to obtain the coverage requested by them. *See id*.

22.     Based upon the allegations, Judge Werlein reasoned:

> [The insureds] do not plead what insurance coverage they claim to have requested or that would "meet [the insureds'] requirements," what it was that [the agent] actually said in her alleged "promises" and "representations," what insurance coverage was in fact obtained by [the insureds], how if at all that insurance coverage was not the "proper coverage" or "correct coverage," or any other factual allegations necessary to state a claim upon which relief can be granted. Instead, [the insureds] simply recite general concepts of Texas negligence law pertaining to insurance agents. *See, e.g., May v. United Servs. Ass'n of Am.*, 844 S.W.2d 666, 669 (Tex. 1992). "[L]egal conclusions couched as factual allegations" do not provide a reasonable possibility of recovery. *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, No. 4:09–CV–165–A, 2009 WL 1437837, at \*3–4 (N.D. Tex. May 22, 2009). Hence, [the insureds] have not alleged any facts that would lead one reasonably to conclude that [the insureds] can recover against [the agent]. *Compare Plaintiffs' conclusory allegations here with Moody Nat'l Bank of Galveston v. St. Paul Mercury Ins. Co.*, 193 F. Supp. 2d 995, 1001 (S.D. Tex. 2002) (remand appropriate where plaintiff "avers that it specifically requested coverage for the property located on the seventh floor of the bank, and that in response GIA erroneously represented to [plaintiff] that the Policy would cover such risks," thereby alleging specific facts for which the plaintiff could potentially recover under the theory of common law negligence).

*Id.* Accordingly, the Court held that the agent was improperly joined.

23. While not discussed in *Laudone*, in a claim for a negligent failure to procure coverage, the insured must prove that the coverage sought was actually available and would have provided coverage for its losses. *See Onyx Wealth Advisors, Inc. v. Indian Harbor Ins. Co.*, 2016 WL 3658988 (N.D. Jan. 4, 2016), citing, *Metro Allied Ins. Agency, Inc. v. Lin*, 304 S.W.3d 830, 836 (Tex. 2009). "To make this showing, [an insured] must first prove 'that the loss is one insured against in some policy.'" *Id.*, citing, *Stinson v. Cravens, Dargan & Co.*, 579 S.W.2d 298, 299-300 (Tex. App.—Dallas 1979, no writ); *Nacol & Co. v. ADT Sec. Servs., Inc.*, 2011 WL 1542716 at *5 (S.D. Tex. Apr. 21, 2011); *Guidry v. Envtl. Procedures, Inc.*, 388 S.W.3d 845, 855 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). This requirement applies to negligence and DTPA claims, as well as Insurance Code claims. *See Onyx*, 2016 WL 3658988 at *2; *Lin*, 304 S.W.3d at 835-36.

24. In looking to the requirements under Texas law for bringing a claim against an agent for a failure to procure and the *Laudone* opinion, Tex Con's petition does not state a reasonable possibility of recovery, or even a theoretical one (which is insufficient). As in *Laudone*, Tex Con has not alleged what insurance coverage it claimed to have requested or what its requirements were or what it was that USCAP actually misrepresented, what insurance coverage was in fact obtained, or how, if at all, that insurance coverage was not proper or correct. Tex Con also does not allege that the "proper" coverage was available and that the policy would have covered the claim against Tex Con. None of Tex Con's factual allegations involving USCAP state a claim upon which relief can be granted. Tex Con simply recited general Texas negligence law pertaining to insurance agents and regurgitated the Insurance Code provisions, as well as the elements of its remaining tort law claims. No facts are pleaded to support Tex Con's claims against USCAP and removal to this Court is proper.

**DEFENDANT MARKEL SERVICE, INCORPORATED'S AND EVANSTON INSURANCE COMPANY'S NOTICE OF REMOVAL—Page 7**

2802074v1
03258.272

**B.   The Court Has No Subject Matter Jurisdiction Over the Claims Against USCAP Because the Claims Are Not Ripe**

25.   Alternatively, because Tex Con's claims against USCAP are not ripe, USCAP is not a proper party. Tex Con, as discussed above, has asserted a number of different claims against USCAP. Tex Con asserts a breach of the insurance policy/anticipatory breach of the insurance policy,[3] violations of the Insurance Code, breach of the duty of good faith and fair dealing,[4] fraud, conspiracy, and negligent failure to procure proper coverage. Tex Con alleges only that it has suffered actual and consequential damages, as well as attorney's fees, with no factual elaboration of those claims or its damages.

26.   The Texas Supreme has explained:

> Ripeness is a component of subject matter jurisdiction. "Ripeness, like standing, is a threshold issue that implicates subject matter jurisdiction, and like standing, emphasizes the need for a concrete injury for a justiciable claim to be presented." However, where standing concerns who may bring an action, ripeness concerns when that action may be brought.

*Harris County Municipal Util. Dist. No. 156 v. United Somerset Corp.*, 274 S.W.3d 133, 138 (Tex. 2008) (citations omitted). A claim is not ripe if it concerns "uncertain or contingent future events that may not occur as anticipated or may not occur at all." *Id.* at 139. If the existence of a concrete injury depends on contingent or hypothetical facts, or upon events that have not yet come to pass, the claim is not ripe. *Id.*

27.   "The elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). Similarly, the Insurance Code grants a cause of action to a person who has sustained actual damages "caused by" an insurer

---

[3] Notably, Tex Con cannot assert a breach of the insurance policy against USCAP because USCAP is not a party to the insurance policy.

[4] *Maryland Cas. Ins. Co. v. Head Indus. Coatings & Servs., Inc.*, 938 S.W.2d 27, 28–29 (Tex.1996).

**DEFENDANT MARKEL SERVICE, INCORPORATED'S AND EVANSTON INSURANCE COMPANY'S NOTICE OF REMOVAL—Page 8**

engaging in a prohibited act. *See* Tex. Ins. Code Ann. § 541.151. Here, Tex Con's claims against USCAP depend upon events that have not yet come to pass—sustaining actual damages. Tex Con does not allege that Tex Con paid The Dress Shop for its alleged damages for which Tex Con seeks reimbursement. Tex Con does not allege that Evanston failed to provide it a defense in a lawsuit brought against Tex Con by The Dress Shop. In fact, Tex Con characterizes its breach of contract claim as "anticipatory." If Tex Con has not sustained any actual damages, it has no ripe claim to assert against USCAP. *Cf. Green v. Helmcamp Ins. Agency*, 499 S.W.2d 730, 733 (Tex. Civ. App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.) (holding that an insured's cause of action against insurance agency for failure to provide insurance coverage did not accrue until suit against the insured had been taken to judgment and court had decided that victim had been damaged and to what extent). Tex Con has brought this suit against Evanston to determine whether Evanston's pre-suit denial of a claim was proper. Only if a court finds that Evanston's denial of coverage was correct would Tex Con be able to claim that USCAP had not procured the appropriate coverage. If Evanston's denial of coverage was incorrect, and Evanston owes coverage, Tex Con has no claim against USCAP for improper coverage. Tex Con's claims against USCAP are not ripe.

28.   Accordingly, Markel Service and Evanston remove this case to this Court for trial and determination.

Respectfully submitted,

/s/ Jo Allison Stasney

---

Jo Allison Stasney
State Bar No. 19080280
J. Richard Harmon
State Bar No. 09020700
THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, TX 75201-2832
Telephone: (214) 871-8200
Telecopy: (214) 871-8209

COUNSEL FOR MARKEL SERVICE,
INCORPORATED AND EVANSTON
INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing Notice of Removal was served through the CM/ECF Filing System and certified mail return receipt requested to counsel below on this 18th day of August, 2017.

Dale H. Henley
Kevin W. Vice
Mayo Mendolia & Vice, LLP
5368 State Highway 276
Royce City, Texas 75189-5738

/s/ Jo Allison Stasney
Jo Allison Stasney