Filed 6/28/2017 8:53 AM
Stacey Landrum,
District Clerk
Hunt County, Texas

CAUSE NO. 84894                                        SAS

| | | |
|---|---|---|
| RODNEY SEBASTIAN dba<br>TEX CON SERVICES | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | OF HUNT COUNTY, TEXAS |
| | § | |
| MARKEL SERVICE, INC., | § | |
| EVANSTON INSURANCE COMPANY | § | |
| USCAP INSURANCE GROUP, LLC | § | |
| | § | 354th |
| **Defendants.** | § | ~~439th~~ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

**COMES NOW** RODNEY SEBASTIAN DBA TEX CON SERVICES, Plaintiff in the above numbered and entitled cause, complaining of the Defendants, MARKEL SERVICE, INC., EVANSTON INSURANCE COMPANY, USCAP INSURANCE GROUP, LLC and for cause of action would respectfully show unto the Court the following:

### I.
### Discovery Control Plan

1.1     Plaintiff intends to conduct discovery under Level 3 as defined under the Texas Rules of Civil Procedure.

### II.
### Parties

2.1     Plaintiff RODNEY SEBASTIAN DBA TEX CON SERVICES, ("Plaintiff") is a Texas sole proprietorship doing business in Hunt County, Texas.

PLAINTIFF'S ORIGINAL PETITION                                        – Page 1

EXHIBIT

B

2.2     Defendant MARKEL SERVICES, INC., a Virginia corporation doing business in Texas, and may be served with process by serving its registered agent, CT Corporation, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

2.3     Defendant EVANSTON INSURANCE COMPANY, a Texas corporation, whose office address is located at Ten Parkway North, Deerfield, IL 60015, may be served with process by serving through the Secretary of State, or wherever he may be found.

2.4     Defendant USCAP INSURANCE GROUP, LLC, a Texas limited liability company, whose office address is located at 15770 N. Dallas Parkway, Suite 730, Dallas, Texas 75248, and may be served with process by serving its registered agent, Brook B. Crawford, at 16610 N. Dallas Parkway, Suite 2000, Dallas, Texas 75248, or wherever she may be found.

### III.
### Venue & Jurisdiction

3.1     Venue is proper in Hunt County, Texas, because all or a substantial basis for the causes of action in this lawsuit accrued in Hunt County.

3.2     Jurisdiction is proper in this Court because the amount in controversy is within the jurisdictional limits of the Court.   Plaintiff seeks monetary relief in excess of $100,000 but not more than $200,000.00.

### IV.
### Facts

4.1     In June of 2016, Plaintiff Tex Con Services ("Plaintiff") purchased an insurance policy from Defendant USCAP Insurance Group, LLC ("USCAP"). Plaintiff is in the demolition business, and agents from USCAP have been writing Plaintiff's insurance policies for many years, and as such, were well versed in Plaintiff's business.

PLAINTIFF'S ORIGINAL PETITION                                                    – Page 2

4.2     USCAP sold Plaintiff Policy number 3C51844 (the "Policy") that was issued by Defendant Evanston Insurance Company ("Evanston") and serviced by Defendant Markel Service, Incorporated ("Markel") that was purportedly a general liability policy that would defend and insure Plaintiff in the event of property damage or personal injury allegedly caused by Plaintiff. Defendants USCAP, Markel and Evanston shall be referred to herein as the "Insurance Defendants." At all times relevant, USCAP was fully aware of Plaintiff's business practices and Plaintiff's purposes for purchasing the Policy.

4.3     On or about December 12, 2016, Plaintiff was performing demolition work at the Ingram Park Mall in San Antonio, Texas. The Dress Shop occupied the space that neighbors the space where Plaintiff's work was being performed, and asserted a claim against Plaintiff that the dust from Plaintiff's demolition had caused damage to its floor and its inventory, as well some employee health issues.

4.4     Plaintiff timely notified Evanston of the damage claim made by the Dress Shop, but Evanston, through its service manager Markel, denied coverage for the claim, despite Plaintiff's full compliance under the Policy, and despite that fact that all defendants were fully aware of Plaintiff's business practices and purposes.

## V.
## Causes of Action

5.1     Plaintiff hereby incorporates the contents of paragraphs 4.1 through 4.4 above as if fully set forth herein verbatim.

### *Breach and Anticipatory Breach of Contract*

1. The Insurance Defendants' conduct, as described in this petition, constitutes a breach of the insurance contract made between Insurance Defendants and Plaintiff. Plaintiff anticipates that the Insurance Defendants will continue in such breaches of contract.

2. Insurance Defendants failure and refusal, as described above, to pay the adequate compensation as is obligated to do under the terms of the policy in question and under the laws of the State of Texas, constitutes material breaches of the insurance contract with Plaintiff. Furthermore, Plaintiff has suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorney's fees for such violations of the Texas Insurance Code.

3. Insurance Defendants' conduct constitutes multiple violations of the Texas Unfair Compensation and Unfair Practices Act. TEX. INS. CODE, Chapter 541. All violations under this article are made actionable by TEX. INS. CODE § 541.151.

4. Insurance Defendants's unfair practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

5. Insurance Defendants's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Insurance Defendants's liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

### *Breach of the Duty of Good Faith and Fair Dealing*

6.     Insurance Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured's in insurance contracts. See: State Farm Lloyds v. Nicolau, 951 S.W.2d 444,1997 Tex. LEX IS 69 (Tex. 1997).

7.     Insurance Defendants' failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claims, although at that time Insurance Defendants knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### *Unfair Insurance Practices:*
### *Texas Insurance Code, Chapter 541*

8.     Insurance Defendants's conduct, as described above, constitutes multiple violations of Unfair Insurance Practices.

9.     Insurance Defendants engaged in one or more of the following settlement practices with respect to a claim made by Plaintiff':

    a.    misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

    b.    failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim:

        i.    with respect to which the Insurance Defendants's liability has become reasonably clear; or

        ii.    a claim under one portion of the policy of the claim with respect to which the Insurance Defendants's liability has become reasonably clear in order

to influence Plaintiff to settle an additional claim under another portion of the coverage, unless payment under one portion of the coverage constitutes evidence of liability under another portion of the policy;

c.    failing to provide promptly to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Insurance Defendants's denial of the claim or for the offer of a compromise settlement of the claim;

d.    failing within a reasonable time to:

    I.    affirm or deny coverage of a claim to Plaintiff;

    ii.    submit a reservation of rights to a Plaintiff;

e.    refusing, failing, or unreasonably delaying an offer of settlement under first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy;

f.    undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim; and/or

g.    requiring Plaintiff, as a condition of settling a claim, to produce Plaintiffs federal income tax returns for examination or investigation.

10.    Insurance Defendants may have engaged in one or more of the following settlement practices with respect to a claim made by Plaintiff:[1]

---

[1]TEX. INS. CODE § 541.151.

a. misrepresentations and false advertising of policy contracts;

b. false information and advertising generally;

c. defamation of insurers or persons engaged in the business of insurance;

d. boycott, coercion, and intimidation in the business of insurance;

e. false financial statements;

f. stock operations and advisory board contracts;

g. unfair discrimination;

h. rebates;

i. deceptive names, words, symbols, devises, and slogans; and/or

j. misrepresentation of the insurance policies;

11. Insurance Defendants engaged in one or more of the following settlement practices with respect to a claim made by Plaintiff[2]:

a. making an untrue statement of material fact;

b. failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

c. making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact;

d. making a material misstatement of law; and/or

e. failing to disclose a matter required by law to be disclosed, including failing to make disclosure in accordance with an other provision of the insurance code.

---

[2]TEX. INS. CODE § 541.061.

**PLAINTIFF'S ORIGINAL PETITION**                                                                    – Page 7

### *Fraud*

12.     Insurance Defendants knowingly and with reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the actual damages resulting from the peril and Plaintiff having relied upon such fraudulent conduct, have been injured.

13.     Insurance Defendants knowingly and with the reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the rights, duties, and insurance benefits in the subject contract for insurance, and Plaintiff having relied upon such fraudulent conduct, have been injured.

14.     The conduct described was done intentionally and for the purpose of having Plaintiff rely on such fraudulent conduct thereby causing Plaintiff to suffer injury.

### *Ongoing Conspiracy to Commit Illegal Acts*

15.     Insurance Defendants was a member of a combination of two or more persons whose object was to accomplish the stated illegal acts upon Plaintiff. Insurance Defendants, by and through their agents, reached a meeting of the minds and acted in such a manner as to further the conspiracy by knowingly and with reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the actual damages resulting from the peril of said claim, and Plaintiff having relied upon such conduct has been injured.

16.     Insurance Defendants, by and through their agents, reached a meeting of the minds and acted in such a manner as to further the conspiracy to commit stated illegal acts by knowingly and with reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the rights, duties, and insurance benefits in the subject contract for insurance, and Plaintiff having relied upon such conduct has been injured.

17.     The conduct described was done intentionally and for the purpose of having Plaintiff rely on such fraudulent conduct thereby causing Plaintiff to suffer injury.

### *Negligence*

18.     Alternatively, Plaintiff's injuries and damages were proximately caused by the negligent conduct of Americap.  Specifically, Americap was negligent by failing to procure an appropriate insurance policy for Plaintiff.

19.     Plaintiff would show that each of the foregoing acts and/or omissions constituted negligence and that one, more than one, or all of such acts and/or omissions and various combinations thereof were a proximate cause of the damages sustained by Plaintiff.

## VI.
### Conditions Precedent

6.1     All conditions precedent have been performed or have occurred as required by Texas Rule of Civil Procedure 54.

PLAINTIFF'S ORIGINAL PETITION

# VII.
## Prayer

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that

Defendants be cited to appear and answer herein, and that upon final trial or hearing, Plaintiff

have:

1. judgment against Defendants for actual damages in an amount in excess of the minimum jurisdictional limits of the Court;

2. judgment against Defendants for special, consequential, and exemplary damages in an amount in excess of the minimum jurisdictional limits of the Court as alleged herein;

3. pre-judgment and post-judgment interest as provided by law;

4. attorney fees;

5. all costs of suit; and

6. such other and further and relief, both at law and in equity, special and general, to which Plaintiff may show itself entitled and for which it will ever pray.

Respectfully submitted,

**MAYO MENDOLIA & VICE, L.L.P.**

By: /s/ Dale H. Henley
Dale H. Henley
State Bar No. 24048148
dhenley@mmvllp.com
Kevin W. Vice
State Bar No. 00785150
kvice@mmvllp.com

5368 State Highway 276
Royse City, Texas  75189-5738
(469) 402-0450
(469) 402-0461 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**