IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **RODNEY SEBASTIAN d/b/a Tex Con Services,** § § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. **3:17-CV-2214-L** |
| § | |
| **MARKEL SERVICE INCORPORATED; EVANSTON INSURANCE COMPANY; and USCAP INSURANCE GROUP, LLC,** § § § § § § | |
| Defendants. § | |

## ORDER

On September 11, 2017, the court, in its Status Report Order (Doc. 4), directed the parties to confer to (1) consider the nature and basis of their claims and defenses, and the possibilities of prompt settlement or resolution of the case; (2) make or arrange for the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure; and (3) develop a proposed discovery plan that indicates the parties' views and proposals on the matters set forth in Rule 26(f)(1)-(4) by October 11, 2017.  The court also ordered the parties to submit a Status Report ("Report") that included twelve matters for them to address.  The court's Status Report Order required Plaintiff's counsel to initiate the conference and file the Report, and warned the parties that failure to timely submit the Report might result in the imposition of sanctions, including dismissal, without further notice.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for a party's failure to prosecute or comply with a court order.  *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (citation omitted); *Long v. Simmons,* 77 F.3d 878, 879 (5th Cir. 1996)

Order – Page 1

(footnote and citation omitted). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626 (1962)). The court's decision to dismiss an action, however, is materially affected by whether the dismissal is to be with or without prejudice. "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Long v. Simmons*, 77 F.3d at 880 (footnote and citation omitted). "Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket." *Boudwin*, 756 F.2d at 401 (quoting *Rogers v. Kroger*, 669 F.2d 317, 321-22 (5th Cir. 1982)).

Circuit precedent provides that if lesser sanctions have proved futile, the court may dismiss an action with prejudice. *Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233, 1237 (5th Cir. 1984) (footnote omitted). The following factors must be present before a district court may dismiss with prejudice for a litigant's refusal to follow a court order:

> (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct;" (2) the violation of the discovery order must be attributable to the client instead of the attorney; (3) the violating party's misconduct "must substantially prejudice the opposing party;" and (4) a less drastic sanction would not substantially achieve the desired deterrent effect.

*Doe v. American Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008) (quoting *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994)) (other citations omitted); *Berry v. Cigna/RSI—Cigna*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The parties have not requested an extension of the court's deadline, or shown good cause for their failure to submit the Report as ordered by the court. The court does not know the basis for the parties' failure to comply with its Status Report Order. There is no evidence indicating purposeful delay or contumacious conduct on the part of the parties. Moreover, dismissal without prejudice is one of the preliminary means or lesser sanctions authorized by the Fifth Circuit when parties fail to comply with a court order. *Boudwin*, 756 F.2d at 401. Accordingly, pursuant to Rule 41(b), this action is **dismissed without prejudice**.

**It is so ordered** this 28th day of December, 2017.

Sam A. Lindsay
United States District Judge